# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE T. GAMBLE, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-272-LPS |
| MASSACHUSETTS STATE CAPITOL POLICE, et al., | : | |
| Defendants. | : | |

Wayne T. Gamble, Wilmington, Delaware, Pro Se Plaintiff.

# MEMORANDUM OPINION

August 2, 2018
Wilmington, Delaware

[signature] STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Wayne T. Gamble ("Plaintiff") filed this action on March 15, 2017. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) He asserts jurisdiction by reason of a United States government defendant. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

Named as defendants are the Massachusetts State Capitol Police ("Capitol Police"), Buzzard Gut and Buzzard Bay State Police ("State Police"), and the United States Post Office ("USPS"). Plaintiff alleges that the Capitol Police and Massachusetts State troopers "are messing with computer and phone" and giving Plaintiff the wrong phone number and addresses so that he will not send them a letter. (D.I. 2) Plaintiff alleges that, since 2011, the Capitol Police and the Massachusetts State trooper broke the law and committed a crime by stealing money and property and holding Danny Gamble and Kenny Gamble illegally, past their time. He alleges that the Capitol Police and State troopers are trying to kill Danny and Kenny Gamble, they are holding them against the law, and that they lied and stole money from Delaware banks.

Plaintiff alleges that those involved or who are witnesses include the State of Delaware, WSFS Bank, Citizen's Bank, Delaware State trooper, Virginia State Capitol, Georgia State Capitol Police, DeKalb (Georgia) police, United States Army and Navy, "whole wide world media and citizens people," north and south federal agents, D.C. Federal Court, and the State of Delaware Supreme Court and Superior Court. Plaintiff alleges that he is homeless, and he seeks $899,000,000,000 and property.

1

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Complaint asserts jurisdiction by reason of a federal official or agency. Plaintiff names the USPS as a defendant, but there are no allegations directed against it. As to the remaining defendants, Capitol Police and State Police, the Court liberally construes the allegations as attempting to raise claims pursuant to 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S.42, 48 (1988) (when bringing § 1983 claim, plaintiff must allege that some person has deprived him of a federal right and person who caused the deprivation acted under color of state law).

The allegations do not rise to the level of a § 1983 claim against the Capitol Police and the State Police as they are immune from suit. The Court takes judicial notice that in 1992, the Massachusetts Capitol Police merged with other agencies to form what is currently known as the Department of State Police. *See* http://www.statetrooperplates.com/massachusetts.html (last visited Aug. 2, 2018). The State Police (which encompasses both the Capitol Police and the State Police) have sovereign immunity. *See Santiago v. Keyes*, 839 F. Supp. 2d 421, 427-28 (D. Mass. 2012).

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Massachusetts, the State Police has immunity under the Eleventh Amendment. *See Beauregard v. Epstein*, 1994 WL 523816, at *2 (D. Mass. Sept. 19, 1994) ("Defendant, State Police, is considered an arm of the State and is, therefore, immune from federal suit under the Eleventh Amendment to the United States Constitution."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Finally, the allegations in the Complaint are both legally and factually frivolous. As pled, there is no legal basis for Plaintiff's claims. Indeed, the allegations are conclusory, and the Court's experience and common sense lead it to recognize that the Complaint does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The Court finds amendment futile.

An appropriate Order follows.